IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00583-BNB

GEORGE VALLEZ,

    Applicant,

v.

STEVE HARTLEY, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 25 2008

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Applicant, George Vallez, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Limon, Colorado, correctional facility. Mr. Vallez initiated the instant action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Denver County, Colorado, district court case number 97CR174. Mr. Vallez has paid the $5.00 filing fee.

In an order filed on April 29, 2008, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On May 19, 2008, Respondents filed their Pre-Answer Response asserting that the instant action is barred by the one-year limitation period. On June 30, 2008, Mr. Vallez filed a Reply to the Pre-Answer Response. On July 29, 2008, Magistrate Judge Boland ordered Respondents to

supplement the Pre-Answer Response. On August 6, 2008, Respondents filed a response to the July 19 order. On August 14, 2008, Mr. Vallez filed a response to the August 6 response.

The Court must construe liberally the filings by Mr. Vallez because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On August 7, 1997, Mr. Vallez was convicted by a jury on charges of second-degree burglary and first-degree sexual assault. On the same day, the trial court sentenced him as an habitual criminal to consecutive terms of forty-eight years for burglary and sixty-four years for sexual assault, plus a period of mandatory parole. The judgment of conviction was entered on August 11, 1997. The Colorado Court of Appeals affirmed on direct appeal. *See People v. Vallez*, No. 97CA1664 (Colo. Ct. App. Mar. 18, 1999) (not published). On September 7, 1999, the Colorado Supreme Court denied certiorari review. Mr. Vallez does not allege that he petitioned for certiorari review in the United States Supreme Court.

On January 4, 2000, Mr. Vallez, through counsel, filed a motion for sentence reconsideration pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure, which the trial court denied on January 14, 2000. On August 29, 2002, Mr. Vallez filed *pro se* a motion to correct illegal sentence, which the trial court denied on the merits on September 18, 2002. The Colorado Court of Appeals affirmed. *See People v. Vallez*,

2

No. 02CA2234 (Colo. Ct. App. Apr. 1, 2004) (not published). On July 6, 2004, the Colorado Supreme Court denied certiorari review.

On November 15, 2004, Mr. Vallez filed *pro se* a postconviction motion pursuant to Colo. R. Crim. P. 35(a) and (c). On February 10, 2005, the trial court modified Mr. Vallez's type of parole from mandatory to discretionary, and otherwise denied relief. Mr. Vallez appealed from the denial of the remainder of his Rule 35(c) claims. On September 21, 2006, the Colorado Court of Appeals affirmed the denial, finding that his motion was untimely, that his claims were successive, and that they lacked merit. *See People v. Vallez*, No. 05CA0627 (Colo. Ct. App. Sept. 21, 2006) (not published). On April 2, 2007, the Colorado Supreme Court denied certiorari review.

On March 7, 2008, Mr. Vallez submitted the instant habeas corpus application, which the Court filed on March 21, 2008. As noted above, Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the one-year limitation period began to run. Although on February 10, 2005, the trial court granted Mr. Valdez partial relief by modifying his sentence to reflect discretionary instead of mandatory parole in accordance with *People v. Carrasco*, 85 P.3d 580, 584 (Colo. Ct. App. 2003), Mr. Vallez is not challenging the modification proceedings. He is challenging his original conviction and sentence. Therefore, for purposes of challenging his conviction and sentence, August 7, 1997, the date of his original conviction and sentence, is considered the date of conviction, not April 2, 2007, as Mr. Vallez argues, when the state supreme court denied certiorari review of the trial court's February 10, 2005, order modifying his sentence.

Although Mr. Vallez did not file a petition for writ of certiorari in the United States Supreme Court on direct appeal, he had ninety days after the Colorado Supreme Court

denied his certiorari petition on September 7, 1999, to do so. *See* Sup. Ct. R. 13. Therefore, his conviction became final on December 6, 1999, when the time for seeking review in the United States Supreme Court expired. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999). Mr. Vallez does not allege that unconstitutional state action prevented him from filing the instant action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he could have discovered the factual predicate for his claims challenging the validity of his conviction at the time his direct appeal became final on December 6, 1999. Therefore, it appears that the one-year limitation period began to run on December 6, 1999.

In the absence of any reason to toll the limitations period, Mr. Vallez should have initiated this action by December 6, 2000. The instant action was submitted to the Court on March 7, 2008, well beyond the one-year limitation period.

Respondents concede that the one-year limitation period was tolled while the Colo. R. Crim. P. 35(c) motion for sentence reconsideration, which Mr. Vallez filed through counsel on January 4, 2000, and which the trial court denied on January 14, 2000, was pending in state court. The Court agrees. Therefore, the period from January 4, 2000, to January 14, 2000, when the Colo. R. Crim. P. 35(c) motion was pending in state court, plus the period from January 15, 2000, to February 29, 2000, the forty-five days during which Mr. Vallez could have sought an appeal under state law, *see Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000), *see also* Colo. App. R. 4(b), does not count against the one-year limitation period. Likewise, the period from

5

August 29, 2002, when Mr. Vallez filed a motion to correct illegal sentence, until July 6, 2004, during which the trial court denied the motion on the merits, the Colorado Court of Appeals affirmed, and certiorari review was denied, does not count against the one-year limitation period. Finally, the period from November 15, 2004, when Mr. Vallez filed *pro se* a Colo. R. Crim. P. 35(a) and (c) postconviction motion, until April 2, 2007, during which the trial court granted Mr. Vallez partial relief by modifying his parole from mandatory to discretionary and denied the remainder of his allegations, the Colorado Court of Appeals affirmed, and the Colorado Supreme Court denied certiorari review, does not count against the one-year limitation period.

However, the 911 days after February 29, 2000, when the time expired for appealing from the denial of the Colo. R. Crim. P. 35(c) motion for sentence reconsideration that Mr. Vallez filed through counsel on January 4, 2000, and before he filed the motion to correct illegal sentence on August 29, 2002, count against the one-year limitation period. In addition, the gap of 130 days from July 6, 2004, when the Colorado Supreme Court denied certiorari review on the motion to correct illegal sentence, and before November 15, 2004, when Mr. Valley filed *pro se* the Colo. R. Crim. P. 35(a) and (c) postconviction motion, counts against the one-year limitation period because the one-year limitation period was not tolled during the period of time when Mr. Vallez could have sought certiorari in the United States Supreme Court from the judgment on his state postconviction motion. ***Rhine v. Boone***, 182 F.3d 1153, 1156 (10th Cir. 1999). Finally, the 339 days from April 2, 2007, when the Colorado Supreme Court denied certiorari review on the Colo. R. Crim. P. 35(a) and (c)

postconviction motion, until March 7, 2008, when Mr. Vallez submitted the instant habeas corpus application, count against the one-year limitation period. Therefore, 1,380 days count against the one-year limitation period, and the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Vallez bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Vallez fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Vallez fails to demonstrate that equitable tolling is appropriate, and the instant action will be dismissed as barred by the one-year limitation period. Accordingly, it is

ORDERED that the habeas corpus application is denied, and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 22 day of Aug., 2008.

BY THE COURT:

*Zita L. Weinshienk*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-00583-BNB

George Vallez
Prisoner No. 76810
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

Laurie A. Booras
First Assistant Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on **8/25/08**

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk